# EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Andrew J. Van Wagner, Esquire
     Brian F. George, Esquire
     Andrew Baron, Esquire
     Raymond Tarnowski, Esquire
     Grady Lowman, Esquire
     Ashley Oakey, Esquire
     Jason Whalley, Esquire
     Joshua Baer, Esquire
     Michael K. Simon, Esquire
     Sam Reznik, Esquire

Bryan Arner, Esquire
Mary G. McCarthy, Esquire
Joseph L. Coleman, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
James T. Stinsman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire
Fabianna Pergolizzi, Esquire
Ashley Keefer, Esquire
Katie Walsh, Esquire

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215-400-2251)

| | | |
|---|---|---|
| Michele Neiman | : | COURT OF COMMON PLEAS |
| 122 Juniper Street | : | PHILADELPHIA COUNTY |
| Apt B | : | |
| Quakertown, PA 18951 | : | May Term, 2017 |
| | : | |
| Plaintiff | : | No. |
| v. | : | |
| Wal Mart Stores East, LP | : | |
| 195 N. W End | : | |
| Quakertown, PA 18951 | : | |
| | : | |
| Defendants | : | |

### NOTICE TO DEFEND

#### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT·ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

#### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701**

## COMPLAINT

1.  Plaintiff, Michele Neiman, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption

2.  Defendant, Wal Mart Stores East, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, PA.

3.  Defendants named in paragraphs 2 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

4.  Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5.  At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, referred to hereinafter as "the premises."

6.  On or about August 14, 2016, at approximately 11:30 a.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

7.  At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

8.  On or about August 14, 2016, at approximately 11:30 a.m., while on Defendants' premises, Plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

Case ID: 170502763

9.   At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

10. The negligence of Defendants consisted of, inter alia, the following:

    a.   Failure to remove the liquid substance from the floors;

    b.   Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.   Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.   Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    g.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

h. Failure to exercise the proper care, custody and control over the aforesaid premises.

11. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

12. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

15. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

_____/s_____
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

Case ID: 170502763

<u>**VERIFICATION**</u>

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Case ID: 170502763

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**

BY:   Marc I. Simon, Esquire
      Joshua A. Rosen, Esquire
      Matthew J. Zamites, Esquire
      Andrew J. Van Wagner, Esquire
      Brian F. George, Esquire
      Andrew Baron, Esquire
      Raymond Tarnowski, Esquire
      Grady Lowman, Esquire
      Ashley Oakey, Esquire
      Jason Whalley, Esquire
      Joshua Baer, Esquire
      Michael K. Simon, Esquire
      Sam Reznik, Esquire

Bryan Arner, Esquire
Mary G. McCarthy, Esquire
Joseph L. Coleman, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
James T. Stinsman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire
Fabianna Pergolizzi, Esquire
Ashley Keefer, Esquire
Katie Walsh, Esquire

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215-400-2251)

| | | |
|---|---|---|
| Michele Neiman | : | COURT OF COMMON PLEAS |
| 122 Juniper Street | : | PHILADELPHIA COUNTY |
| Apt B | : | |
| Quakertown, PA 18951 | : | May Term, 2017 |
| | : | |
| Plaintiff | : | No. 170502763 |
| v. | : | |
| Wal Mart Stores East, LP | : | |
| 195 N. W End | : | |
| Quakertown, PA 18951 | : | |
| | : | |
| Defendants | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone:  (215) 238-1701**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  (215) 238-1701**

## AMENDED COMPLAINT

1.  Plaintiff, Michele Neiman, is an adult individual and resident of the Commonwealth of Pennsylvania,  residing at the address listed in the above caption

2.  Defendant, Wal Mart Stores East, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, PA.

3.  Defendants named in paragraphs 2 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

4.  Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5.  At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, referred to hereinafter as "the premises."

6.  On or about August 14, 2016, at approximately 11:30 a.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

7.  At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

8.  On or about August 14, 2016, at approximately 11:30 a.m., while on Defendants' premises, Plaintiff was walking in the frozen food isle when she was caused to slip and fall on a

substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

9. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

10. The negligence of Defendants consisted of, inter alia, the following:

    a. Failure to remove the liquid substance from the floors;

    b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e. Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

g.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

h.   Failure to exercise the proper care, custody and control over the aforesaid premises.

11. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries to the right hand, right arm, right ankle, right leg, and resultant headaches, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

12.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13.   As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14.   As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

15.   Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

Case ID: 170502763

SIMON & SIMON, PC

_____/s_____
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

## **VERIFICATION**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

**VERIFICATION**

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.  I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire          Bryan Arner, Esquire
       Joshua A. Rosen, Esquire       Mary G. McCarthy, Esquire
       Matthew J. Zamites, Esquire    Joseph L. Coleman, Esquire
       Andrew J. Van Wagner, Esquire William Rhoades, Esquire
       Brian F. George, Esquire      Michael Schlagnhaufer, Esquire
       Andrew Baron, Esquire        Alexander C. Hyder, Esquire
       Raymond Tarnowski, Esquire   James T. Stinsman, Esquire
       Grady Lowman, Esquire      Daria Koscielniak, Esquire
       Ashley Oakey, Esquire       Harry Gosnear, Esquire
       Jason Whalley, Esquire       Jessalyn Gillum, Esquire
       Joshua Baer, Esquire        Fabianna Pergolizzi, Esquire
       Michael K. Simon, Esquire    Ashley Keefer, Esquire
       Sam Reznik, Esquire         Katie Walsh, Esquire

Attorney ID No.'s:
*201798*

1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215-400-2251)

***Attorneys for Plaintiff***

| | | |
|---|---|---|
| Michele Neiman | : | COURT OF COMMON PLEAS |
| 122 Juniper Street | : | PHILADELPHIA COUNTY |
| Apt B | : | |
| Quakertown, PA 18951 | : | May Term, 2017 |
| | : | |
| Plaintiff | : | No. 170502763 |
| v. | : | |
| Wal Mart Stores East, LP | : | |
| 195 N. W End | : | |
| Quakertown, PA 18951 | : | |
| | : | |
| Defendants | : | |
| | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND**
**INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone:  (215) 238-1701**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.   Hace   falta   asentar   una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.    SI   NO   TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO   A   LA   OFICINA   CUYA DIRECCION  SE  ENCUENTRA  ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE**
**FILADELFIA**
**SERVICIO DE REFERENCIA E**
**INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono:  (215) 238-1701**

Case ID: 170502763

## SECOND AMENDED COMPLAINT

1.  Plaintiff, Michele Neiman, is an adult individual and resident of the Commonwealth of Pennsylvania,  residing at the address listed in the above caption

2.  Defendant, Wal Mart Stores East, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, PA.

3.  Defendants named in paragraphs 2 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

4.  Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5.  At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Walmart Supercenter, 195 N.W End, in Quakertown, referred to hereinafter as "the premises."

6.  On or about August 14, 2016, at approximately 11:30 a.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

7.  At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

8.  On or about August 14, 2016, at approximately 11:30 a.m., while on Defendants' premises, Plaintiff was walking in the frozen food isle when she was caused to slip and fall on

water that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

9. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

10. The negligence of Defendants consisted of, inter alia, the following:

    a. Failure to remove the liquid substance from the floors;

    b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e. Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    g.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    h.  Failure to exercise the proper care, custody and control over the aforesaid premises.

11. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries to the right hand, right arm, right ankle, right leg, and resultant headaches, and including disc herniation and protrusions, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

12.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13.   As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14.   As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

15.   Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

    WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

Case ID: 170502763

SIMON & SIMON, PC

_____/s_____
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

Case ID: 170502763

## VERIFICATION

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.  I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

_____